## MOORE v. MOORE.

39   461
113   410

1. **Verdict:** EVIDENCE; PRACTICE IN THE SUPREME COURT. Mere conflict of evidence is not ground for disturbing a verdict, and it will be sustained, save in case of such absence of testimony as to justify the conclusion that it was determined by passion or prejudice.

2. **Promissory note:** FAILURE OF CONSIDERATION. Where the consideration of a note was the execution of a contract, and the consideration of the contract proved to be worthless, a holder with notice cannot recover thereon.

3. **Practice:** PLEADING: PROMISSORY NOTE. In an action to recover upon a promissory note, allegations in the answer that the plaintiff is not a *bona fide* holder of the note, and that it was obtained by fraud and without consideration, constituted a traverse of the petition, under which evidence that plaintiff had notice of the fraud and of want of consideration was admissible.

4. **Evidence:** SHORT HAND REPORTER: FORMER TRIAL. The testimony of the short hand reporter in regard to evidence introduced upon a former trial is competent, when it is based upon his recollection of the evidence itself and not of his notes.

5. **Promissory note:** HOLDER WITH NOTICE. A note taken out of the due course of business, under circumstances calculated to warn the indorsee of infirmities, is taken at his peril, although it come to his hands before due and without actual notice of fraud.

*Appeal from Monroe Circuit Court.*

FRIDAY, SEPTEMBER 25.

ACTION upon a promissory note. There was a verdict and judgment for defendant; plaintiff appeals. The facts of the case appear in the opinion.

*Dashiell & Andrews*, for appellant.

*Perry & Townsend*, for appellee.

BECK, J.—The defenses pleaded are, that the execution of the note was procured by fraud, that the consideration has failed, and that the plaintiff is not the *bona fide* holder for value and is not the real and true owner of the note. Plaintiff is the indorsee of the paper sued on, which was given as the consideration of the appointment of defendant as an agent for the sale of a roofing cement, under a contract executed between defendant and J. K. Bridges & Co. The note is indorsed in blank and without recourse by Bridges & Co., the payees.

I. Numerous objections are made to the rulings of the Circuit Court, but the one which seems to be most confidently relied on is, that the verdict is not supported by the evidence. It is insisted by plaintiff that defendant has failed to establish fraud, want of consideration, or any other of the defenses pleaded by him. The worthlessness of the cement, we think, is well established by the evidence, and we have no difficulty in concurring in the conclusion that the consideration for the note failed.

Upon the question of plaintiff's good faith and his knowledge of the character of the paper when it was secured by 1. VERDICT: him, the evidence on the part of defendant is cir-
evidence:
practice in cumstantial. Plaintiff's testimony supports his
the supreme
court. own side of the case. Upon these questions there

is a conflict, and we cannot say the verdict is without the support of evidence. We cannot interfere in a case of mere conflict of evidence. There must be such an absence of testimony as to warrant the conclusion that the verdict was the result of passion or prejudice; there is not sufficient ground to so hold in this case.

II. It is urged that defendant has not rescinded nor offered to rescind the contract under which the note was given, and he cannot, therefore, refuse payment now. No further answer need be given to this position than this: If what defendant received under the contract was worthless, the consideration of the note failed, and recovery thereon cannot be had by a holder with notice. The jury, as we have just seen, were authorized to find a failure of consideration.

2. PROMISSORY NOTE; failure of consideration.

III. It is urged that the answer does not deny that plaintiff was an indorsee for value before the maturity of the note. But it is alleged, however, that plaintiff is not a *bona fide* holder of the note, and that it was obtained by fraud and without consideration. These, with other matters set up by defendant, to say nothing about the general denial, constitute a sufficient traverse of the petition under which evidence was admissible to show that plaintiff had notice of the fraud and want of consideration alleged. If he had such notice he could not recover, though he received the note before due for value. Under these issues the case was submitted to the jury, and a finding thereon for defendant would be supported, even if plaintiff was a holder of the note for value and had taken it prior to maturity. The admission of these facts by the pleadings is no ground for disturbing the judgment, it appearing that plaintiff had notice of the fraud.

3. PRACTICE; pleading: promissory note.

IV. A witness, who was a short hand writer and had reported the evidence at a former trial of the case, testified as to the evidence then given by the plaintiff. A motion to suppress his deposition on the ground that he showed his statements were from his recollection of the contents of his notes or report of the evidence and not of the evidence itself, was overruled. This action

4. EVIDENCE: short hand reporter: former trial.

of the court was made the ground of an exception and the objection is renewed in this court. We understand from the evidence of the witness that his statements were based upon his recollection of the testimony, which agreed with his memory of the contents of his report. He did not state that his memory was not independent of his notes; on the contrary we understand he claimed that it was.

V. Objections are urged to several instructions, on the ground that they were not applicable to the issues found by the pleadings and to the evidence. With counsels' understanding of the pleadings the position is consistent, but, as we have shown, that understanding is not correct. We think the instructions are not objectionable on the ground named.

VI. An instruction is claimed to be misleading on the ground that it directed the jury that fraud and want of consideration would not defeat the note if they found

5. PROMISSO-RY NOTE: holder with notice.

it was indorsed "before due for a valuable consideration, in due course of business, without notice of fraud." It is claimed that, if the note was indorsed "before due and for a valuable consideration, and without notice of fraud," it would be regarded as having been received in due course of business. The position is not correct. If the note was taken out of the "due course of business," under circumstances calculated to impart notice of its infirmities, plaintiff received it at his peril, though taken before due and without notice of fraud. *Trustees of Iowa College v. Hill*, 12 Iowa, 462.

We have disposed of all the points made by appellant in the foregoing discussion. The judgment of the Circuit Court is

AFFIRMED.